NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

GLEN ZELKIND; NORMA ACKMA; DAVID and DEBORAH ALTHOUSE; EILEEN APPLETON-SHAPIRO; DEVON and SUSAN ARCHIBALD; JAMES and RYOKO AUGUST; ALFRED and PAULINE AVERY; ALEXANDER and JUDITH AZEMOVE; JOHN and MOLLY and ELIZABETH BAKER; FRANCIS BAKER; ROBERT and CHRISTINE BARBERI; ROBERT and DIANE BARISH; WILLIAM and SANDRA BAYER; ALAN and KATHRYN BEACH; PITZER and LYNN BECKLEY; RAY and ELLEN BEDWELL; JUDY BENDER; WILLIAM and BARBARA BERNARD; RICHARD BERNARDONI; SAMUEL BERNHARDT and PATRICIA JONES; GEORGE and CHRISTINE BIGLEY; KELVIN and CHERYL BLAIR; DWIGHT and TERESA BOBIER; GERALD and NANCY BOESCHE; ARTHUR BORTZ and KAREN ANTON; GERALD and MARY BOWERS; STEPHEN and GRACE BRODSKY; RONALD BROOKS and GLORIA YOUNG; GARY and LYDIA BROWNING; RONALD and BARBARA BRUE; JOSEPH and MARY BRUNSKILL; JAMES and RUTH BUNSE; THOMAS and LINDA BUTLER; ARTHUR and ELAINE CARLSON; WAYNE and GAIL CASEMORE; DAVID and LINDA CASTAGNA; B. NATALIE CASTILLO; JAMES and BARBARA CAVALIER; DENNIS and JEAN CERENZIA; GEOFFREY and JANET CHARLES; GEORGE and PATRICIA CIPPON; RICHARD and BARB CLARK; GERALD and LINDA CLEMENT; TIMOTHY and KATHRYN CLOONAN; RICHARD and DIANE COLLIER; GEORGE and JACQUELINE CONN; PATRICK and JANICE CONWAY; ROBERT and COLLEEN CORACE; JAMES and F. JANE COTTRELL; DONALD and NANCY CRABTREE; WILLIAM and JANICE CREE; DENNIE and SUSAN CROOKS; GARY and JANET CROSS; DAVID and PATRICIA DALLAIRE; FRANK and ROSALYN DANIEL; BUFORD and WILLA DAUGHERTY; DAVID and LaVERNA DAVIDSON; BARBARA De BLASI; CHARLENE De STEPHANIS; DONALD and KATHLEEN DEACH; CARL and JO ANN DEINER; MARLYS DeKUBBER and RICHARD

DINNEEN; DELBERT and ELAINE DIENER; TAUN and DEBORAH DIMATTEO; ROCHELLE DISHLER; WILLIAM and BARBARA DOWLING; RICHARD and MADGE DUCE; ROBERT and PEGGY DYE; THOMAS and DIANA EAVES; GERALD and BONNIE EICHSTEDT; FRANK and MYRNA EISENZIMMER; JOHN and JUDITH ELLIOTT; JD and ROXIE ERWIN; DONALD EVANS and TONI KAYE; DENNIS and MARLENE FEKETE; NORMAN and IRENE FIET; DAVID and JANICE FINATRI; JOHN and KATHLEEN FITZGERALD; RICHARD and CATHERINE FOLLESTAD; LEONARD and KATHLEEN FONTAINE; DAVID and SARAH FORSYTH; JOSEPH and KATHLEEN GALIETTA; ARNOLD and BEVERLY GIBB; L.F. and ROSE GERHART; RAYMOND GILE and VIRGINIA INCE; DALE and NANCY GILES; RONALD GINN; FRANCES GIRD-LIPSHAY; KERRY and BETH GISTER; DANIEL and MARY GLEASON; JOHN GONNER; SYLVIA GOODMAN; LYLE and NANETTE GORDON; IDA GOSZTOLA; JAMES and ANN GROOTEGOED; FORREST and RUTH GROSVENOR; RONALD and CHERYL HABERKORN; JOHN and KAREN HAMMEL; DONALD and SHARON HANSEN; LOREN and ROSE HANSEN; JAMES HANSON; RICHARD and JOANN HARDER; WILLIAM and GLORIA HAREID; ROBERT HARRIS and CAROL HODGSON; ERIC and JENNIFER HARVEY; DOUGLAS and KATHLEEN HAXTON; RICHARD and SHARON HAYNES; BARRY and JUDITH HEDDEN; RONALD and MONA HEGLIN; WALTER and SHERYL HENRY; LYMAN and MARILYN HERB; TERRANCE and CLEO HILTS; MALGORZATA HINADY; J. VAL and BARBARA HOLLANDS; WILLIAM and LOUISA HUFFER; THERLON and ANNA HUGHES; JACK HUMPHREY; RICHARD HUSTON; RICHARD and PAULA ILLIAN; HAROLD and MELVA JASTRAM; BOYD and JOLEEN JOHNSON; TORI JOHNSON-KELSO; ROBERT and JoANN JURGENS; RONALD and SUZANNE KALETA; GEORGE KARONIS and ERMELINDA VALDE; CORINNE KEMP; JEAN KIERNAT; EUGENE KIESLING; FRED and JUDY KOESEL; MICHAEL KOLSKY; STANLEY and ANN KONDILES; JAMES and HERMINE KOPENEC; MARK and MURIEL KROSCH; HENRY KRYSKI and NORMA JANIK; MICHAEL and JOYCE KUNSTADT; DALE and MARION LARSON; JACK and BILLIE LAUB; RAYMOND and JUDITH MARIE LEEGE; ROBERT and BARBARA LESLIE; DENNIS and ANN LEVINE; PETER and CATHERINE LEWIS; JAMES and MARY LOU LEWTICH; PAUL and SHIRLEY LILLIS; MARTHA

LINN; ALLEN and VICKY LIPTON; DAVID and BETTY LOCK; LARRY and ELSIE LOSEKE; ROBERT LUSSIER and CAROLYN M RHEA; SHAFI MALEK; YVONNE MANNION; LAWRENCE and SHEILA MARDEN; J. MICHAEL and HELEN MATERIE; CHARLES and CAROL MATTHEEUSSEN; ROGER and CAROL MAUGER; HORACE and GERALDINE McCAIN; JOHN and EILEEN McCARTHY; JILLANN McGREGOR; JAMES and LUPE McVEIGH; GENE R and KARLEEN A MERWIN; ELIZABETH MEYERS; GALEN MILER; ROBERT and LINDALU MILLER; JAMES MILLER; CLIFFORD and JEAN MOMMAERTS; GARY and DONNI MONN; SAMUEL and THELMA MOONEY; NATALIE MORRISON; ANTHONY MULLOZZI; R. MICHAEL MYERS; MORIO and JOHANNA NAKAGAWA; ROGER and NANCY NELSON; JAN NELSON; THOMAS and JOYCE NICCUM; DAN and DIANE NIELSEN; CHARLES and GAIL NIELSON; DONALD and JANICE NOTEBOOM; LARRY and VIRGINIA NYRE; DENNIS and ELAINE ODETTE; JOHN and JEAN OWEN; NELSON and ROSEMARY PALMER; ROBERT and DOROTHY PARKES; LOIS PARLOW; EILEEN PATELLI; MICHAEL and CAROL PATTERSON; RONALD PAUL; PAUL and NAOMI PEARSON; OSCAR and CAROL PENCE; DONALD and JANET PETERSON; CONSTANCE POPP; EMILY PRICE; SAMMY and KATHLEEN PUTMAN; DEAN and ROCHELLE RAMOS; ROBERT and LINDA RANZINGER; WILLIAM RAPLEY JR. and MARY RAPLEY; JOSEPH RAYO; GERALD REDNER; TIMOTHY and LAURA REED; LEE and CHERYL RETELSDORF; JAMES and KATHLEEN REVALEE; CHARLES and HARRIET REYNOLDS; CAROL RICHTER; EUGENE ROBERTSON; MARSHALL and JOANNE ROCKOFF; PAUL ROCKWELL; ANGELO ROMAY; STANLEY and MARLENE ROSENBLATT; ROBERT ROWLAND; THOMAS and CAROL ANN RUFRANO; DANIEL and KAYE RYAN; SUSAN RYAN; ROBERT and AMELIA SABLOFF; JAMES and SANDRA SABO; ROBERT and BARBARA SANDERS; BRUCE and ROSEMARY SANTELMAN; DONALD and DIANE SASNETT; BETTIE SASSCER; DAVID and JANET SCHAUM; GARY SCHMIT; HERBERT and MARY SCHMITT; RODNEY SCHNEIDER; JOHN and THERESA SCHUETTE; CHARLES and NADINE SCHULWOLF; GERALD and BARBARA SCHWARTZ; GEORGE and ELAINE SCHWARTZ; THOMAS and JULIE SCOTT; WAYNE and CHRISTINE SEMINARI; ROBERT and GERTRUDE SHAW; SERGEI and ELENA SIKORSKY; ROBERT and CYNTHIA SIMON; MARLENE SIMPSON; CHARLES and MARY SLIVINSKY; ARLENE SMALLEY; DONALD and GILDA

SMALLEY; CATHERINE SMITH; GARY and MARGARET SONTAG; EDWIN and JANET KAY SORENSEN; RICHARD and CONSTANCE SPLITT; JOHN and CONNIE STAFFORD; JOAN STAHULAK; JOHN and DONNA STENSLOKKEN; FRED and KATHLEEN STENZEL; WALTER and CONNIE STEPNITZ; MURIEL STONE-JOHNSON; WILLIAM and CAROL SUMMERS; ALBERT and CONSTANCE SWANSON; RONALD and SHARON SWANSON; RICHARD and FRANCINE SWARTZ; SUSAN SYQUIA; JOHN TASTET; ROBERT and CAROLYN TAYLOR; BARTHOLOMEW and ANGELA TESORIERO; MARK and JUDITH THIBAUDEAU; MELVIN TODD; JUDITH TRENCH; ELGIN TYUS; RICHARD and HELEN VAN DEWERKER; LARRY and MARY VERING; JOHN and SHARON VRBOVSKY; JOHN and MARYANN VYSZWANY; PAUL and JOYCE WALA; ROBERT and MONIKA WALKER; HERMIS and SHIRLEY WALLER; JOHN WAPPEL; BARBARA WATSON; JAMES and KATHLEEN WEHR; GERALD and SHIRLEY WENDRYCH; ELMER and BETTY WEREB; LEONARD and MURIEL WHITE; ROBERT and JANICE WHITMORE; JOHN and JUDITH WILKES; DAVID and IRMA WILLIAMS; RICHARD WILLIAMS; JIMMY and LINDA WILLIS; WAYNE and DESPINA WOJDA; FREDERICK WRESH; GERALD and BARBARA YASUTAKE; LEONARD and MARJORIE ZACHRISON; EDWARD and MARILY ZEITZ,

*Plaintiffs/Appellees,*

v.

DEL WEBB COMMUNITIES, INC., an Arizona corporation; DEL WEBB HOME CONSTRUCTION, INC., an Arizona corporation; DEL WEBB CORPORATION, an Arizona corporation; PULTE HOME CORPORATION, a Michigan corporation; PULTE DEVELOPMENT CORP., a Michigan corporation,

*Defendants/Appellants.*

TRUSEAL TECHNOLOGIES, INC.,

*Third Party Defendant/Appellee.*

4

No. 1 CA-CV 14-0816
FILED 03-24-2016

---

Appeal from the Superior Court in Maricopa County
Nos. CV 2008-008310
CV 2008-003089
CV 2008-020853
CV 2009-029434
(Consolidated)
The Honorable Robert H. Oberbillig, Judge

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

---

COUNSEL

Koeller Nebeker Carlson & Haluck, LLP, Phoenix
By William A. Nebeker, Troy G. Allen
*Counsel for Defendants/Appellants*

Bush Seyferth & Paige, PLLC, Troy, MI
By Stephanie A. Douglas
*Pro Hac Vice for Defendants/Appellants*

Osborn Maledon, PA, Phoenix
By Thomas L. Hudson, Eric M. Fraser
*Co-Counsel for Plaintiffs/Appellees*

Kasdan Lippsmith Weber Turner, LLP, Phoenix
By Stephen L. Weber, Scott A. Booth, Kenneth S. Kasdan, Robert R. Brina
*Co-Counsel for Plaintiffs/Appellees*

---

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge John C. Gemmill joined.

---

**D O W N I E**, Judge:

**¶1**　　　　Appellants (collectively, "Del Webb") challenge the superior court's award of attorneys' fees, expert witness fees, and taxable costs to Appellees following lengthy construction defect litigation.　For the following reasons, we affirm the final judgment in part, vacate it in part, and remand for further proceedings regarding Del Webb's request for sanctions under Arizona Rule of Civil Procedure 68.

### FACTS AND PROCEDURAL HISTORY

**¶2**　　　　On January 25, 2008, counsel for Appellees sent Del Webb a letter captioned "Notice of Construction Defects and Opportunity to Inspect and Repair" (the "Notice") on behalf of hundreds of homeowners in the Sun City Grand development (collectively, "Plaintiffs").　Plaintiffs included both original homeowners who had purchased their homes from Del Webb and subsequent homeowners who were not in contractual privity with Del Webb.　The Notice advised that it was being provided pursuant to the Purchaser Dwelling Act ("PDA") — Arizona Revised Statutes ("A.R.S.") sections 12-1361 to -1366.[1]

**¶3**　　　　By letter dated April 7, 2008, Del Webb responded to the Notice.　It objected to several "terms" the Notice imposed and noted that Plaintiffs would not grant extensions of time for Del Webb to conduct inspections under A.R.S. § 12-1363(B).　Del Webb stated:

> The preceding clearly violates the provisions of A.R.S. § 12-1361 et seq.　No builder, including Pulte/Del Webb, could perform repairs and/or provide monetary compensation on

---

[1]　　　A "dwelling action" is defined as "any action involving a construction defect brought by a purchaser against the seller of a dwelling arising out of or related to the design, construction, condition or sale of the dwelling."　A.R.S. § 12-1361(7).

over 400 homes under the "terms" of your offers. In addition, repairs on 400 homes could not be completed in 30 days.

Given Pulte's/Del Webb's belief that your clients' PDA notices contain unconscionable terms and do not adhere to the spirit and intent of the PDA, Pulte/Del Webb will not be making any offers under these circumstances.

Del Webb did not object on the basis that the Notice lacked information required by the PDA.

¶4        Plaintiffs filed suit in superior court on April 14, 2008. Del Webb answered the complaint and identified numerous affirmative defenses, including an assertion that Plaintiffs had failed to comply with the PDA. Del Webb did not allege anything specific in this regard, instead "reserv[ing] its right, as information is learned, to allege non-compliance with the PDA, in whole or part."

¶5        In January of 2013, Del Webb filed a motion for partial summary judgment, seeking a determination "that Plaintiffs failed to comply with the PDA, and that consequently, the attorneys' fees and costs provisions of the PDA do not apply to this dispute." Del Webb argued the Notice failed to provide "a reasonably detailed description of the alleged defects in a fair and representative sample of the affected residential units," as required by A.R.S. § 12-1363.[2] It also contended the repair

---

[2]        At the time, A.R.S. § 12-1363(A) provided:

At least ninety days before filing a dwelling action, the purchaser shall give written notice by certified mail, return receipt requested, to the seller specifying in reasonable detail the basis of the dwelling action. The notice in a multiunit dwelling action involving alleged defects that are substantially similar in multiple residential units may comply with this section by providing a reasonably detailed description of the alleged defects in a fair and representative sample of the affected residential units. For the purposes of this subsection, "reasonable detail" includes a detailed and itemized list that describes each alleged defect and the location that each alleged defect has been observed by the purchaser in each dwelling that is the subject of the notice.

7

protocol set forth in the Notice was inconsistent with the PDA. The superior court denied Del Webb's motion, concluding it had litigated the action for more than four years "without asserting its rights under the PDA" and had therefore "waived the issue of Plaintiffs' compliance with the PDA."

¶6          After a lengthy trial, the jury returned 279 individual verdicts in April 2014 that cumulatively awarded Plaintiffs damages of roughly $4.1 million. Both Del Webb and Plaintiffs subsequently requested awards of fees and costs. On November 3, 2014, the superior court entered a final judgment awarding Plaintiffs attorneys' fees, expert fees, and taxable costs. Del Webb timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶7          Del Webb has paid the damages awarded by the jury. On appeal, it "takes issue solely with the trial court's award of over $6 million in attorneys' fees, expert fees, and costs."[3]

I.     **Attorneys' Fees**

       A.     **PDA**

¶8          Plaintiffs moved for a post-trial award of attorneys' fees and expert costs as the prevailing parties under the PDA — specifically, A.R.S. § 12-1364.[4]   Alternatively, Plaintiffs sought to recover attorneys' fees

---

[3]     Del Webb does not separately address the expert fees, but we understand its position to be that those fees were improper for the same reasons it contends the attorneys' fee award was improper. As such, we also do not separately address the expert fees.

[4]     Although A.R.S. § 12-1364 has since been repealed, at the time of the superior court's ruling, it provided:

> In any contested dwelling action, the court shall award the successful party reasonable attorney fees, reasonable expert witness fees and taxable costs. If the seller's offer, including any best and final offer, is rejected and the judgment finally obtained is less than or less favorable to the purchaser than the offer or best and final offer, the seller is deemed to be the successful party from the date of the offer or best and final

pursuant to A.R.S. § 12-341.01. Del Webb opposed Plaintiffs' requests. It objected to an award under the PDA because: (1) Plaintiffs failed to analyze "successful party" status on a plaintiff-by-plaintiff basis; and (2) the requested sums were unreasonable.[5] Del Webb further argued the original homeowners could not recover fees based on language contained in their sales contracts. Del Webb did not object to Plaintiffs' requests based on alleged non-compliance with the PDA.

¶9          The superior court awarded Plaintiffs attorneys' fees and expert costs under the PDA, concluding:

> The Plaintiffs are entitled to an award of reasonable attorneys fees, reasonable expert witness fees, and taxable costs per A.R.S. § 12-1364. The Court finds that the "Del Webb" defendants failed to make a legally valid offer to settle on a timely basis as required by A.R.S. § 12-1363(E) in order for that offer to be considered per § 12-1364. There being no valid offer, "the judgment finally obtained" is more favorable to the Plaintiffs and the Plaintiffs are the "successful party."

The court denied Plaintiffs' request for fees under A.R.S. § 12-341.01 and rejected Del Webb's contention that the original homeowners were precluded from recovering fees. The court also denied Del Webb's request for fees and costs.

¶10          We review the grant of Plaintiffs' motion for fees and costs based on arguments that the parties advanced in the superior court regarding that motion. *See, e.g.*, *Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) ("[A]bsent extraordinary circumstances, errors not raised in the trial

---

offer. If the judgment finally obtained is more favorable to the purchaser than the seller's offer or best and final offer, the purchaser is deemed to be the successful party from the date of the offer or best and final offer. This section shall not be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney fees.

[5]          Del Webb also contended Plaintiffs could not recover fees because their counsel had a conflict of interest. That argument has not been re-urged on appeal.

court cannot be raised on appeal."); *Winters v. Ariz. Bd. of Educ.*, 207 Ariz. 173, 177, ¶ 13 (App. 2004) (generally, we will not consider a challenge on appeal if it was not raised with specificity and addressed in the trial court). As Plaintiffs observe, although Del Webb devotes significant appellate briefing to Plaintiffs' alleged non-compliance with the PDA, it did not oppose Plaintiffs' motion on that basis. Nor did Del Webb appeal (or brief in substantive fashion) the denial of its Motion for Partial Summary Judgment Regarding Purchaser Dwelling Act Compliance. *See, e.g.*, *John C. Lincoln Hosp. & Health Corp. v. Maricopa Cty.*, 208 Ariz. 532, 539, ¶ 19 (App. 2004) ("[I]n cases that have gone to trial, a party who wants to preserve a summary-judgment issue for appeal, with a possible exception for a purely legal issue, must do so by reasserting it in a Rule 50 motion . . . or other post-trial motion."). Under these circumstances, we deem Del Webb's appellate arguments about Plaintiffs' alleged non-compliance with the PDA waived. And with the exception of one contention about original homeowners that we discuss next, Del Webb has articulated no other basis for reversing the superior court's awards of attorneys' fees and expert costs.

### B.    Original Homeowners

**¶11**      Del Webb also contends the original homeowners could not recover fees under the PDA because their sales contracts limit such awards to mediation and arbitration proceedings. We review *de novo* the application of a fee statute to an attorneys' fees award. *See Burke v. Ariz. State Ret. Sys.*, 206 Ariz. 269, 272, ¶ 6 (App. 2003). We also review questions of contract interpretation *de novo*. *Grubb & Ellis Mgmt. Servs., Inc. v. 407417 B.C., L.L.C.*, 213 Ariz. 83, 86, ¶ 12 (App. 2006).

**¶12**      The relevant provision in the sales agreements between the original homeowners and Del Webb states:

> In the event of any arbitration or mediation between Us and You, before or after the Closing, the prevailing party shall be entitled to an award of all attorneys fees and costs . . . in an amount to be determined by the arbitrator or mediator hearing the matter. Any court or arbitrator hearing any matter on appeal may also award such fees to the prevailing party in and for any prior mediation or arbitration.

**¶13**      We agree with Plaintiffs that this provision does not preclude, or even address, attorneys' fees incurred in superior court litigation. By its clear and unambiguous terms, the clause only governs

fee awards in arbitration or mediation proceedings — neither of which is at issue here.[6]  The sales agreement provision simply does not trigger the then-existing A.R.S. § 12-1364 caveat that "[t]his section shall not be construed as altering, prohibiting or restricting present or future contracts . . . that may provide for attorney fees."  *Cf. Jordan v. Burgbacher*, 180 Ariz. 221, 229 (App. 1994) (recovery of attorneys' fees on other legal bases, such as A.R.S. § 12-341.01, is not inconsistent with contractual provision contemplating fee award under certain circumstances).

**¶14**       Del Webb contends for the first time on appeal that A.R.S. § 12-1366 precluded a fee award to the original homeowners because "when sales contracts provide homeowners with access to arbitration," the PDA does not apply.  *See* A.R.S. § 12-1366(A)(1) (West 2008) (PDA inapplicable "[i]f a contract for the sale of a dwelling . . . contain[s] commercially reasonable alternative dispute resolution procedures.").  Del Webb did not preserve this argument in the superior court, and we therefore deem it waived.  *See Winters*, 207 Ariz. at 177, ¶ 13.

**¶15**       We affirm the superior court's award of attorneys' fees and expert costs to Plaintiffs.

## II.    Taxable Costs

**¶16**       Finally, Del Webb challenges the inclusion of $231,913 in copying costs in the award of taxable costs.  "Whether a particular expenditure qualifies as a taxable cost is a question of law that we review *de novo*."  *Reyes v. Frank's Serv. & Trucking, LLC*, 235 Ariz. 605, 608, ¶ 6 (App. 2014).

**¶17**       Plaintiffs asked the court to award "copy costs in service of PDA notices, pleadings, discovery, correspondence to counsel, clients, and experts, depositing documents into depository ordered by the Court, preparing and forwarding documents to experts from lot files, job files and defense experts, and in preparing trial exhibits where scanned copies of paper documents were used."  Plaintiffs cited A.R.S. § 12-332(A)(6) as authority for their request, which includes within the definition of taxable costs disbursements made or incurred by agreement of the parties and court-ordered disbursements.  Over Del Webb's objection, the superior court awarded the full amount of taxable costs requested.

---

[6]       Neither the original homeowners nor Del Webb sought to compel alternative dispute resolution in lieu of litigation.

¶18        The record reflects that the parties agreed to use a specified entity "as the document depository and site for case-related events, including depositions, mediation sessions, and in-person meet and confer purposes." The issue before us, though, is not document depository fees. And an agreement to use a document depository is not synonymous with an agreement to incur copying costs. Indeed, the purpose of a document depository is to eliminate or significantly reduce the need to reproduce records. At oral argument, Del Webb explained that the parties agreed to use the depository "because that way we don't have to make copies for everybody" and noted it was designed to be "a cost savings, not an expense." Moreover, many of the copying cost categories Plaintiffs identified in their motion had nothing to do with the document depository and, in fact, pre-dated its existence.

¶19        Our *de novo* review does not support the inclusion of copying costs based on an agreement of the parties or a court order.[7] We therefore vacate the award of copying costs to Plaintiffs in the sum of $231,913. Our resolution of this issue obviates the need to address Del Webb's contention that A.R.S. § 12-333 prohibits an award of copying costs.[8]

## III.    Rule 68 Sanctions

¶20        Del Webb made pretrial offers of judgment that only a few Plaintiffs accepted. Del Webb contends that if it succeeds on appeal — even if only on the copying cost issue — we must remand for the superior court to redetermine its entitlement to Rule 68 sanctions. Because we have vacated the $231,913 award for copying costs, some of the Plaintiffs' judgments may no longer qualify as more favorable than the offers of judgment. *See* Ariz. R. Civ. P. 68(g) (party who rejects offer and does not obtain a more favorable judgment must pay sanctions for subsequently

---

[7]        Moreover, it appears Plaintiffs' reply in support of their fee/cost motion may have led the court to believe that the document depository had been ordered by the previous judge. Plaintiffs stated: "As for copy costs, this case involved a court ordered document depository." Our review of the record reveals no court order regarding the document depository.

[8]        Under A.R.S. § 12-333: "A copy of a paper not required by law to be copied shall not be allowed and taxed as costs. If a party or attorney takes out copies of any pleadings or papers in an action, it shall be at his own expense, and a charge for the copies shall not be allowed as costs."

incurred expert fees and costs). We therefore remand to the superior court for reconsideration of Del Webb's entitlement to Rule 68 sanctions.

## CONCLUSION

**¶21**　　　　For the foregoing reasons, we affirm the judgment of the superior court with the exception of its award of $231,913 in copying costs, which we vacate. We remand for issuance of a revised judgment that does not include the copying costs and for further proceedings relating to Del Webb's request for Rule 68 sanctions. Because each side has partially prevailed on appeal, we decline to award fees or taxable costs to either side.



Ruth A. Willingham · Clerk of the Court
FILED: RT

13